# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *  
JERRY FORD,                       *  
                                 *    No. 17-0328V  
            Petitioner,      *    Special Master Christian J. Moran  
                                 *  
v.                               *    Filed: October 31, 2018  
                                 *  
SECRETARY OF HEALTH     *    Attorneys' fees and costs  
AND HUMAN SERVICES,      *  
                                 *  
            Respondent.    *  
* * * * * * * * * * * * * * * * * * *

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Justine Elizabeth Walters, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Jerry Ford prevailed in his claim brought in the National Childhood Vaccine Compensation Program. He is now seeking an award for attorneys' fees and costs. He is awarded $18,222.44.

\*     \*     \*

On March 9, 2017, Jerry Ford, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.*, for injuries sustained from a flu vaccination on October 20, 2015. Petitioner alleges that the vaccination caused him to develop Chronic Inflammatory Demyelinating

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Polyneuropathy.  Petitioner further alleges that he suffered the residual effects of this injury for more than six months. The adverse effects of Petitioner's injuries continue to this day. Petitioner's injuries were "caused in fact" by the above stated vaccination.  The parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $95,000.00.  Decision filed Aug. 22, 2018.

On August 28, 2018, petitioner filed a motion for an award of attorneys' fees and costs.  Pet. App.  The motion seeks a total of $18,222.44, comprised of $16,998.50 in attorneys' fees and $1,223.94 in attorneys' costs.  Id. at 3.  In compliance with General Order No. 9, petitioner filed a signed statement indicating that he did not incur any costs personally.  Id. at 4.

On September 7, 2018, Respondent filed a response to petitioner's motion.  Resp't's Resp., filed Sept. 7, 2018.  Respondent states that he "does not object to the overall amount sought."  Id at 1.  Respondent adds, that his "lack of objection to the amount sought in this case should not be construed as an admission, concession, or a waiver as to the hourly rates requested, the number of hours billed, or other litigation costs."  Id at 1.  Petitioner did not file a reply to respondent's response.

*   *   *

Because Mr. Ford received compensation, he is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

**I.      Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for attorneys Jeffrey S. Pop, Kristina E. Grigorian, Alexandra B. Pop and the law clerks who assisted with this case. For Mr. Pop, petitioner requests the rate $420 per hour for work performed from 2016 - 2018. For Ms. Grigorian petitioner requests the rate of $250 per hour for all work performed. For Ms. Pop, petitioner requests the rate of $225 per hour for all work performed. As these rates are in accordance with those previously awarded to Mr. Pop, Ms. Grigorian and Ms. Pop, I find them reasonable and will award them in full.[2] In regards to the law clerks, petitioner requests the rate of $125 per hour for all work performed in 2017 and 2018. I find these rates reasonable and award them in full.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10,

---

[2] Jeffrey Pop and associates have been awarded these rates in 2018 by other Special Masters. See Crook v. Sec'y of Health and Human Servs., No. 17-0298V, 2018 WL 4042182 (Fed. Cl. Sp. Mstr. Apr. 24, 2018), Watson v. Sec'y of Health and Human Servs., No. 17-0453, 2018 WL 4923910, (Fed. Cl. Sp. Mstr. July 11, 2018), and Heaney v. Sec'y of Health and Human Servs., No. 17-0148V, 2018 WL 4924124 (Fed. Cl. Sp. Mstr. July 11, 2018).

2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

## II. Costs

Petitioner requests a total of $1,223.94 in attorney's costs, consisting of costs expended for medical records, filing fees, mailings and expert witnesses. <u>Pet. App. at 4.</u>  The request for costs is supported with proper documentation and is awarded in full.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The undersigned finds $18,222.44 ($16,998.50 in fees and $1,223.94 in costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $18,222.4 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $<u>18,222.44</u> in the form of a check made payable to petitioner and petitioner's attorney, Jeffrey S. Pop, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.